NO. 07-09-0012-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 12, 2009

_____

KAREEM ABDUL JABBAR WHITE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B 4157-0711; HON. ED SELF, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, appellant Kareem Abdul-Jabar White was convicted by jury of possession and delivery of a controlled substance within 1000 feet of a playground.[1] Punishment was assessed at four years confinement in the Institutional

---

[1] *See* Tex. Health & Safety Code Ann. § 481.112 (Vernon 2001).

Division of the Texas Department of Criminal Justice.[2]  Appellant timely filed his notice of appeal. The clerk's record has been filed.

On March 6, 2009, appellant's appointed counsel filed a motion in which he indicates an inability to prosecute this appeal on appellant's behalf.[3]  Accordingly, we now abate this appeal and remand the cause to the trial court.  On remand, the trial court shall utilize whatever means necessary to determine the following:

1.  whether appellant desires to prosecute this appeal; and

2. whether appellant is indigent and entitled to new appointed counsel.

Should it be determined that appellant does want to continue the appeal and is indigent, and that new counsel should be appointed, the trial court shall appoint new counsel to represent appellant in this appeal.  If new counsel is appointed, the name, address, telephone number, and state bar number of newly appointed counsel shall be included in an order appointing counsel.  If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be

---

[2] Appellant is currently free on bond.

[3] Counsel is reminded that, by accepting appointment to represent an indigent defendant, he undertakes the duty to represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or counsel is relieved of his duties by the court or replaced by other counsel after a finding of good cause is entered on the record. Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon 2009). If counsel considered himself unable to handle the appeal, counsel promptly should have filed, in the trial court, a motion to withdraw from the representation, while continuing to perform his duties until relieved of them. *See generally Ex parte Axel*, 757 S.W.2d 369 (Tex.Crim.App. 1988).

included in a supplemental clerk's record.  A supplemental reporter's record of the hearing, if any, shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the Clerk of this Court by April 13, 2009.

It is so ordered.

Per Curiam

Do not publish.